Filed 3/17/23  P. v. Pierce CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAYSHAWN VISA PIERCE,<br><br>Defendant and Appellant. | C093003<br><br>(Super. Ct. No. 06F04599)<br><br>ON TRANSFER |

In 2008, a jury found defendant Jayshawn Visa Pierce guilty of first degree murder and attempted robbery.  (*People v. Pierce* (May 18, 2010, C060588) [nonpub. opn.] (*Pierce*).)  The jury found true a special circumstance allegation that the murder was committed during the attempted robbery, but found not true the allegation that defendant had intentionally and personally used a firearm in the commission of the murder.  The trial court sentenced defendant to life without the possibility of parole plus two years eight months.  In May 2010, this court modified the judgment to correct sentencing errors and affirmed the judgment as modified.  (*Ibid*.)

1

Defendant subsequently petitioned the trial court for resentencing under what is now Penal Code section 1172.6[1] based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.). The trial court denied defendant's petition, finding the record established defendant was ineligible for resentencing because the jury found true the special circumstance allegations, and because defendant was the actual killer or at least a major participant. Defendant appealed, arguing, among other things, that the trial court erred in determining he was ineligible for resentencing as a matter of law based on the jury's special circumstance finding. This court affirmed the trial court's order.

The California Supreme Court transferred the case back to this court with directions to reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We conclude the trial court's order denying the petition for resentencing must be reversed and the matter remanded for further proceedings consistent with this opinion.

BACKGROUND

Defendant and his codefendants were looking for someone to rob so they could pay bail money for a friend. They waited outside a nightclub and followed two individuals. Defendant approached the victims with a shotgun and said "Give me your shit" or something to that effect. The victims offered a purse and said they did not want any trouble, but defendant shot and killed one of them. (*Pierce, supra*, C060588.)

The jury found defendant guilty of first degree murder (§§ 187, 189) and two counts of attempted robbery (§§ 211, 664). As to the murder count, the jury found true the special circumstance allegation that the murder was committed during the attempted robbery. (§ 190.2, subd. (a)(17).) But it found not true the allegation that defendant had intentionally and personally used a firearm in the commission of the

_____

[1] Undesignated statutory references are to the Penal Code.

2

murder. (§ 12022.53, subd. (d).) The trial court sentenced defendant to life without the possibility of parole plus two years eight months. Following a direct appeal, this court modified the judgment to correct sentencing errors and affirmed the judgment as modified. (*Pierce, supra*, C060588.)

On May 22, 2019, defendant filed a petition in the trial court to vacate his first degree murder conviction under what is now section 1172.6. The petition asserted a "complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine." Defendant also declared that at trial, he was "convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine." He declared that following the amendments made to sections 188 and 189, he could not now be convicted of first degree murder. He left blank the remaining form petition questions about whether he was an actual killer or was a major participant in a felony. The trial court appointed counsel for defendant.

In a written order, the trial court denied defendant relief. It found that because of the special circumstance finding, defendant had not made a prima facie showing of eligibility. The trial court also reasoned that even if defendant was not precluded from relief based on the special circumstance finding because the finding occurred prior to the Supreme Court decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), it would make no difference because defendant was the actual killer or at least a major participant under *Banks*.

After this court affirmed the trial court's order denying defendant's petition, the California Supreme Court transferred the case back to us with directions to reconsider the matter in light of *Strong, supra*, 13 Cal.5th 698.

DISCUSSION

Defendant originally argued that the trial court should have issued an order to show cause and conducted an evidentiary hearing. In both his original and supplemental

3

briefing, he contends the trial court erred in relying on the jury's special circumstance finding to establish that he was a major participant who acted with reckless indifference to human life, because the California Supreme Court clarified the special circumstances analysis after his conviction in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. In addition, he challenges the trial court's reasoning that defendant is ineligible for relief because he was the actual killer, claiming the determination was improper under *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). The People respond that defendant is ineligible for relief because the record of conviction unequivocally shows he was the actual killer.

A

The Legislature enacted and the Governor signed Senate Bill No. 1437, effective January 1, 2019 (Stats. 2018, ch. 1015, § 4), determining that the change in law was " 'necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) As pertinent here, Senate Bill No. 1437 added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a major participant and have acted with reckless indifference to human life. (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) In *Banks* and *Clark,* the California Supreme Court

4

construed section 190.2, subdivision (d). (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179.) And in *Strong*, the Supreme Court concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, 13 Cal.5th at p. 710.)

B

The People nevertheless claim defendant was the actual killer and therefore ineligible for relief.[2] Defendant counters that the trial court made an impermissible evidentiary determination at the prima facie stage.

*Lewis* clarified the procedure for determining whether a petitioner has made a prima facie showing. The trial court may review the entire record of conviction, including the opinion in the direct appeal, but it should not engage in factfinding involving the weighing of evidence or the exercise of discretion unless the record clearly refutes the petitioner's allegations. (*Lewis, supra*, 11 Cal.5th at 971-972.)

In this case, the trial court referenced facts set forth in this court's opinion on direct appeal and reasoned: "There does not appear to have been any evidence introduced at trial to show that anyone except [defendant] fired the final shot. However, in [defendant's] recorded phone conversation with [a friend] at the jail, [defendant] told [his friend] that his finger had slipped. Thus, there was evidence that showed that [defendant] did not intend to actually pull the trigger, and that his finger had accidentally slipped. For this reason, it appears that the jury found the [section 12022.53, subdivision (d)] gun enhancement allegation to be not true. It does not appear that the jury necessarily found that [defendant] was not the actual shooter. [¶] As the Third

---

[2] We granted the People's motion to incorporate by reference the record on appeal in the related case on direct appeal, *Pierce, supra*, C060588.

5

District affirmed the judgment, the true finding on the felony-murder special circumstance remains in place. Nor does it appear from the record that [defendant] was anything but the actual shooter."

The trial court relied on facts recited in this court's prior opinion. But effective January 1, 2022, the Legislature limited a trial court's use of such a factual summary. (*People v. Clements* (2022) 75 Cal.App.5th 276, 292.)

C

Based on current applicable law, we will remand the matter to the trial court to give it the opportunity to consider the entire record of conviction and determine if defendant is entitled to an order to show cause and an evidentiary hearing.

DISPOSITION

The order denying defendant's section 1172.6 petition is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

/S/
MAURO, J.

We concur:

/S/
HULL, Acting P. J.

/S/
RENNER, J.